Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000007
30-JUL-2013
07:45 AM

NO. CAAP-12-0000007

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PAUL C.K. KAEO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 09-1-0719)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Paul C.K. Kaeo (Kaeo) appeals from the "Judgment Of Conviction And Sentence" entered December 5, 2011, in the Circuit Court of the First Circuit[1] (circuit court). The circuit court convicted Kaeo of Reckless Manslaughter in violation of Hawaii Revised Statutes (HRS) § 707-702 (Supp. 2012) in the death of Charles Kahumoku (Kahumoku), and sentenced him to twenty years of imprisonment.

On appeal, Kaeo contends the circuit court erred when it:

(1) failed to properly instruct the jury as to the

_____

[1]  The Honorable Karen S.S. Ahn presided.

included offense of assault;

(2) excluded relevant evidence; and

(3) interrupted Kaeo's closing argument to disagree on the issue of assault.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Kaeo's appeal is without merit.

(1) Kaeo contends the circuit court erred by failing to properly instruct the jury on the included offense of Assault in the First and Second Degree. A trial court must instruct the jury on any included offense "when there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense[.]" State v. Haanio, 94 Hawai'i 405, 413, 16 P.3d 246, 254 (2001). However, when the jury convicts the defendant of the charged offense or a greater included offense, a trial court's failure to instruct on a lesser included offense is a harmless error. State v. Pauline, 100 Hawai'i 356, 381, 60 P.3d 306, 331 (2002) (quoting Haanio, 94 Hawai'i at 415-16, 16 P.3d at 256-57).

(2) Kaeo contends the circuit court abused its discretion when it granted the State of Hawai'i's (State) motion in limine and excluded relevant evidence that Kahumoku and Kaeo's wife (Wife) were first cousins involved in a romantic relationship. At a hearing held July 29, 2011, Kaeo offered this evidence to refute any premeditation on his part to harm Kahumoku. Under his theory, the familial relationship made it easier for Kaeo to find Kahumoku if Kaeo had wanted to previously hurt Kahumoku. On appeal, Kaeo contends the circuit court

2

omitted a crucial piece of evidence supporting his theory that he was protecting himself or Wife at the time of the incident.

A trial court's decision on a motion in limine is an evidentiary ruling that determines the relevance and potential prejudice of the evidence at issue. Kobashigawa v. Silva, 129 Hawai'i 313, 321-22, 300 P.3d 579, 587-88 (2013). Relevant evidence is any evidence that tends to make a fact of consequence more or less probable. Hawaii Rules of Evidence (HRE) Rule 401 (1993). Generally, "[a]ll relevant evidence is admissible[.]" HRE 402 (1993). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." HRE 403 (1993).

"The determination of the admissibility of relevant evidence under HRE 403 is eminently suited to the circuit court's exercise of its discretion because it requires a cost-benefit calculus and a delicate balance between probative value and prejudicial effect." State v. Uyesugi, 100 Hawai'i 442, 463, 60 P.3d 843, 864 (2002) (brackets omitted). To determine the balance, the circuit court weighs such factors such as "the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence will probably rouse the jury to overmastering hostility." Id. The trial court must ensure the evidence does not create an unfair prejudice, leaving the trier of fact to decide on an improper, often emotional, basis. State v. Calaro, 107 Hawai'i 452, 465, 114 P.3d 958, 971 (App. 2005).

In this case, the circuit court found the relationship between first cousins highly prejudicial and irrelevant to establish Kaeo and Kahumoku knew each other prior to the incident. With alternative proof that Kaeo knew Kahumoku's

3

identity readily available, the circuit court reasoned the intimate relationship between first cousins would unfairly prejudice the jurors against Kahumoku and Wife without offering any probative value. There was no abuse of discretion or disregard for principles of law by the circuit court in granting the State's motion in limine.

(3) Kaeo contends the circuit court violated his constitutional right to present a complete defense when the court interrupted his closing argument. During closing arguments, the following exchange took place.

> [Defense Counsel]: Now, generally speaking, you guys know where this line goes, right? There's -- I mean, you know, there's assaults but you have no instructions for assaults so you cannot consider any kind of assault. Okay? So even if you say to yourselves, and this is just an assault, I mean, I don't think he intended to kill him or anything like that, I don't think he acted recklessly, that's an assault. But you don't have an instruction, okay? So that would mean you're here, okay? You're not guilty.
>
> Now if anywhere along this line you stop, you say, okay --
>
> The Court: Assault is not be -- assault is not a consideration.
>
> [Defense Counsel]: That's right. That's what I said. Okay. So if you stop anywhere along this line, you say murder or manslaughter, then you gotta consider the defenses that were raised. Okay?

The guarantee of due process within the Federal and Hawai'i constitutions protects each defendant's right to present a complete defense. State v. Kaulia, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013). The circuit court's interruption neither disturbed nor disputed Kaeo's theory that the jury must acquit if they believe Kaeo did not act with the requisite intent for murder or manslaughter, and did not violate Kaeo's right to present a complete defense.

4

Therefore,

IT IS HEREBY ORDERED that the "Judgment Of Conviction And Sentence" entered December 5, 2011, in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, July 30, 2013.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Procecuting Attorney
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5